UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-00559 JVS (SKx) | Date | July 11, 2017 |
|---|---|---|---|

| Title | Phung Minh Doan v. 3M Company. |
|---|---|

Present: The Honorable  James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**  **(In Chambers)**  **Order Granting Plaintiff's Motion to Remand and Denying Defendant's Motion to Dismiss**

    Plaintiffs Phung Minh Doan and Thu Anh Tran, Co-Administrators for the estate of the Minh Tran (collectively, the "Administrators") moved to remand this case to state court. (Mot., Docket No. 14.) Defendant 3M Company ("3M") opposed. (Opp'n, Docket No. 18, 1:18–19.) Defendant Jennifer Linh Tang ("Tang") has consented to the removal but not opposed the motion.[1] (See Resp., Docket No. 31.) The Administrators replied. (Reply, Docket No. 25.)

    3M moved to dismiss the case. (Mot., Docket No. 20.) The Administrators opposed. (Opp'n, Docket No. 33.) 3M replied. (Reply, Docket No. 38.)

    For the following reasons, the Court **grants** the motion to remand and **denies** the motion to dismiss.

**I.**    **Background**

    This case concerns the administration of The Minh Tran's (the "decedent") estate by the Administrators. On December 29, 2015, the decedent died intestate and, on December 2, 2016, the Administrators became the Co-Administrators of his estate.

---

[1] Tang has recently substituted in an attorney, but neither Tang herself or her attorney has opposed the motion. (See Req., Docket No. 35.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-00559 JVS (SKx) | Date | July 11, 2017 |
| Title | Phung Minh Doan v. 3M Company. | | |

      In or around February 2005, the decedent and Tang married. (Decl., Docket No. 14-1 Ex. 2 ("the agreement"), Sect. A.) They separated on January 1, 2008. (Id.) On October 20, 2009, Tang and the decedent entered into the Marital Settlement Agreement ("the agreement"). (Id. at 7.) Pursuant to this agreement, on February 6, 2010, the marriage ended in divorce. (Id. at Final Judgement.) The agreement is part of the final judgement. (See id.)

      Through his employment at 3M, the decedent held a 3M VIP 401(k) Plan ("VIP Plan"). (Mot. to Remand.) In section 4B of the agreement, both parties agreed to transfer "rights, title, and interest in any and all 401(k), retirement, and/or pension plans . . . including husband['s] 401(k) at 3M." (The Agreement at Sect. 4B.) In addition, Section 4E of the agreement states that "if either party fail[s] to execute the documents necessary to effectuate the transfer of the property described above, then Husband and Wife agree that the Clerk of the Court for the County of Orange shall execute said documents on behalf of the party who failed to execute the same." (Id. at 4E.)

      The Administrators assert that 3M transferred the VIP Plan to Tang in a manner inconsistent with Section 4E of the agreement. (Memo., Docket No.14, 5:10–12.) 3M asserts that the decedent named Tang as his beneficiary to the VIP Plan and did not change this designation after the dissolution of the marriage or before his death. (See Opp'n at 1:27-2:1.) Thus, through Probate Code § 850, the Administrators sought to enforce the state court divorce decree and the settlement agreement which is part of the judgement.

      The Administrators filed suit in Orange County Superior Court on February 15, 2017, demanding 3M turn over the VIP Plan to the estate and requesting that Tang adhere to Section 4E of the agreement. (See Ntc., Docket No. 1.) 3M received notice of this suit on March 3, 2017. (See id.) On March 28, 2017, 3M removed the case to the Central District of California under 28 U.S.C. §§ 1331, 1441(a), and 1446. (See Ntc., Docket No. 1.)

      The Administrators now ask for the Court to remand this case to the Superior Court of Orange County.

## II.   Legal Standard

Under 28 U.S.C. § 1331, federal jurisdiction over a civil action is proper if the district court has "original jurisdiction . . . under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331 (2016).

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court if the federal court would have had original jurisdiction.  See City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997).  According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Moreover, a court should resolve doubts as to removability in favor of remanding the case to the state court.  Id.  This strong presumption "against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Id.

For remand, 28 U.S.C § 1447(c) states that "a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after filing of the notice of removal under section 1446(a)."

## III.   Analysis

3M removed this case on the basis of federal question jurisdiction under 28 U.S.C. § 1331.  (See Ntc.)  Section 1331 requires a civil action to arise "under the Constitution, laws, or treaties of the United States."  Here, 3M claims that the action arises under the Employee Retirement Income Security Act (ERISA), but the Administrators claim that the action arises under a state probate action.  (See Ntc.; Memo. at 7:4.)

The Administrators moved to remand to Orange County Superior Court under 28 U.S.C. § 1447.  (Mot. to Remand.)  The Administrators asserted several reasons for remand: (1) ERISA does not provide the Court with federal question jurisdiction, (2) ERISA does not completely preempt the complaint, (3) not all defendants have joined in removal, (4) State Court has already exercised jurisdiction over the VIP Plan through the agreement, and (5) the probate exception.  (See Memo. at 6:21–7:4.)  In response, 3M asserts that (1) ERISA completely precludes state court involvement, (2) ERISA

explicitly grants jurisdiction in this case, (3) ERISA precludes the probate exception, and (4) all defendants have consented to removal. (See Opp'n.)

The Court considers whether ERISA provides a basis to remand.[2]

### A. ERISA Does Not Preempt the Administrators' Motion to Remand

ERISA provides a uniform regulatory scheme over employee benefit plans. See Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004). To this end, ERISA's expansive preemption provisions ensure that regulation of employee benefit plans is exclusively a federal concern. Id. ERISA includes two preemption provisions that defeat certain state law causes of action: (1) complete preemption under § 502(a) and (2) conflict preemption under § 514(a). See 29 U.S.C. §§ 1132(a), 1144(a) (2016). Both preemption provisions overcome state law claims for relief, but only complete preemption confers federal jurisdiction over state law claims and supports removal jurisdiction. See Fossen v. Blue Cross & Blue Shield of Mont., Inc., 660 F.3d 1102, 1108 (9th Cir. 2011); Marin General Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 946 (9th Cir. 2009)).

Under the two prong Davila test, an action is completely preempted (1) "if an individual . . . could have brought his [or her] claim under ERISA § 502(a)(1)(B), and" (2) if "there is no other legal duty that is implicated by a defendant's actions . . . ." See id. at 210. The Ninth Circuit has found that a "state law cause of action is preempted by § 502(a)(1)(B) only if both prongs of the test are satisfied." See Fossen v. Blue Cross & Blue Shield of Mont., Inc., 660 F.3d 1102, 1108 (9th Cir. 2011).

The Court finds that 3M failed to meet either prong of the Davila test.

### 1. The Civil Enforcement of the Action Under ERISA § 502(a)(1)(B)

ERISA preempts a state law claim if the claimant could have brought his claim under ERISA's civil enforcement provisions. See Davila, 542 U.S. at 209. Section 502(a)(3) "authorizes a plan participant, beneficiary, or fiduciary to bring a civil action to obtain other appropriate equitable relief (i) to redress such violations [of ERISA] or (ii) to

---

[2] The Court does not reach a decision on the evidentiary objections by the Estate. (See Objects., Docket No. 26.)

enforce any provisions of this subchapter or the terms of the plan." Matthews v. Chevron Corp., 362 F.3d 1172, 1185 (9th Cir. 2004) (internal quotations omitted); see 29 U.S.C. § 1132(a)(3). Therefore, a party seeking relief must claim "equitable, rather than legal, relief." Paulsen v. CNF Inc., 559 F.3d 1061, 1075 (9th Cir. 2009) (citing Reynolds Metals Co. v. Ellis, 202 F.3d 1246, 1247 (9th Cir. 2000)). Whether a claim is legal or equitable depends on "the basis for [the plaintiff's] claim and the nature of the underlying remedies sought." Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 213 (2002) (internal quotations omitted). To assess whether a plaintiff properly brought a claim for equitable relief under ERISA, courts look to the "substance of the remedy sought . . . rather than the label placed on that remedy." Paulsen, 559 F.3d at 1075.

Consequently, restitution is not always an equitable remedy. See Great-West Life, 534 U.S. at 212. A suit compelling a defendant to pay a sum of money to a plaintiff—whether by judgment, injunction, or declaration—is a suit for "money damages" because it "seek[s] no more than compensation for loss resulting from the defendant's breach of legal duty." Id. at 210.

In a Central District of California case, the court remanded a probate action where the petitioner attempted to recover an ERISA-regulated life insurance payout. Estate of Hohu v. Hohu, Case No. 12-1067 (Docket No. 15, Ex. 1) (Sept. 12, 2012) [hereinafter "Hohu"]. The court found that it was not possible to bring the action under ERISA's civil enforcement section because the petitioners sought recovery of "assets allegedly misappropriated in violation of California court orders . . . ." Id. at 6.

Finally, in order to bring a claim under ERISA, the plaintiff must be an ERISA plan participant, designated beneficiary, plan fiduciary, or the Secretary of Labor. See McGill v. Pac. Bell Tel. Co., 139 F. Supp. 3d 1109, 1117–18 (C.D. Cal. 2015). The Supreme Court defines an ERISA designated beneficiary as the individual designated by the decedent to benefit from the ERISA covered plan. See generally Egelhoff v. Egelhoff, 532 U.S. 141, 141 (2001).

3M argues that the "Petitioners' claims are simply requests for benefits under the VIP Plan." (Id. at 4:9.) 3M goes on to state that "those claims seek benefits under the VIP Plan and may properly be brought under ERISA Section 502(a)(1)(B)." (Id. at 5.) The Administrators argue that they could not bring the claim under ERISA because the claim seeks specific performance. (See Reply at 6:5–6.) The Administrators requests

specific performance to compel Tang "to act in accordance with an enforceable contract and judgement entered . . . . " (Id. at 6:6–7.) This is a request for legal relief instead of equitable relief because the underlying remedy is to compel the Defendants to turnover the assets to the Administrators. See Great-West Life, 534 U.S. at 213.

The facts of this case are similar to those in Hohu. See Hohu, Docket No. 15 at 5. Like the plaintiff in that case, the Administrators seek to enforce the agreement through a state probate action. Because the Administrators seek misappropriated assets under a state court order, the action could not arise under ERISA's civil enforcement section. See id. Thus, the Court agrees that the "Petitioners' claims are entirely independent of the terms of the [VIP Plan]." (Reply at 6:13.) Due to the Administrators legal claim and their lack of standing under ERISA, 3M cannot bring the claim under the civil enforcement section of ERISA. 3M does not meet the first prong of the Davila test. See Davila, 542 U.S. at 210.

### 2.      Administrators Appropriately Assert an Independent Legal Duty Under California Law

Even if 3M could meet the first prong of the Davila test, it would fail the second prong.

Under Davila's second prong, there must be "no other independent legal duty that is implicated by the defendant's actions . . . . " Id. Moreover, "ERISA does not completely preempt the state court action simply because these independent legal duties aris[e] out of the subject orders and judgment may ultimately have an effect on ownership rights to sums already distributed by an employee benefit plan." Hohu, Docket No. 15 at 6. As in Hohu, this case "arises out of independent legal duties completely unrelated to ERISA." See id.

3M claims that their actions implicate no independent legal duty. (See Opp'n at 6:19–22.) 3M argues that "because the potential liability at issue is based on the rights and obligations established by the VIP Plan, the Estate's causes of actions do not implicate an independent legal duty outside ERISA." (Id.) Additionally, 3M states that ERISA preempts any legal duties arising out of the agreement. (See id. at 5:22–25.) Here, 3M, like the defendant in Hohu, mistakenly cites to Egelhoff. (Id.) As explained in Hohu, the Egelhoff case does "not govern 'complete preemption' under ERISA." Hohu

at 5 n.3.  Rather, Egelhoff applies when "ERISA preempts state law as a defense to a state law claim."  See id.

The Administrators counter that an independent legal duty arises from Tang's duty to affect documents necessary to disclaim and transfer the VIP Plan to the Estate of The Minh Tran under the agreement.  (See Reply at 3:8–11.)  The Court agrees with the Administrators.  As stated in Hohu, "ERISA does not completely preempt state court actions simply because these independent legal duties arising out of the subject orders and judgement may"  affect an employee benefit plan.  See Hohu, Docket No. 15 at 6.

Here, the agreement identified the VIP Plan as the decedent's asset.  (See Ntc. ¶ 16.)  This creates an independent legal duty under Davila because the claim arises from a state court judgement.  See Davila, 542 U.S. at 210.  As such, this probate action for the turnover of an asset to the estate arises from the agreement and concerns an independent legal duty.

In sum, the Court concludes that ERISA does not completely preempt the Administrators' probate action to recover the VIP Plan because the facts do not meet either prong of the Davila test.  See id.  Thus, as the suit raises no federal claim, the Court lacks subject matter jurisdiction over this action.  This is a sufficient basis to remand.

The Court **remands** the case.

### B. Tang Joined for Removal

While at the time of the Administrators' motion to remand Tang had not consented, she has since consented to the removal of the case to this Court. (See Resp., Docket No. 31.)

On March 29, 2017, one day after 3M removed the case to the district court, the Administrators served Tang with the complaint.  In addition, the Court has received documents notifying the Court of Tang's consent to removal.  (See Resp.)  Tang's joinder was not required at the date of remand.

### C. State Court has Previously Exercised Jurisdiction over the VIP Plan Through the Agreement

Here, the agreement is part of the final divorce judgement issued by the Superior Court of California. (Decl., Docket No. 14-1, Ex. 1.) As part of the agreement, Tang transferred all of her rights in decedent's retirement plan to the decedent. (Id. at 2.) Moreover, both parties agreed that "if either party fail to execute the documents necessary to effectuate the transfer of the property described above, then Husband and Wife agree that the Clerk of the Court for the County of Orange shall execute said documents on behalf of the party who failed to execute the same." (Id.) This clause provides the basis for the Orange County Clerk to execute the exchange in situations where one party fails to transfer all rights in a separated asset to the other. Therefore, the Court finds that the Orange County Superior Court has already exercised jurisdiction over the VIP plan through the agreement.

### D. The Probate Exception Applies

The probate exception applies when the federal court would "(1) interfere with the probate proceedings; (2) assume general jurisdiction of the probate . . . ." See Hassanti v. Int'l Lease Fin. Corp., 51 F. Supp. 3d 887, 895 (C.D. Cal. 2014). The Ninth Circuit applies the probate exception to both diversity and federal question cases. See Id., at 895. The probate exception exists in all situations unless expressly preempted by a federal law, such as ERISA.

Here, ruling on the case interferes with the Administrators' probate proceedings. Moreover, the ERISA preemption does not apply. As a result, the probate exception must apply. This is a sufficient basis to remand.

### E. By Remanding the Case the Court Must Deny 3M's Motion to Dismiss

This Court's order remands this case to the Orange County Superior Court. Therefore, the Court **denies** 3M's motion to dismiss as moot.

## IV.   Conclusion

    For the foregoing reasons, the Court **grants** the Administrators' motion to remand to Orange County Superior Court and **denies** 3M's motion to dismiss as moot.

           :    00

Initials of Preparer    kjt